**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Howell, | No. CV-24-00227-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Transform SR LLC, | |
| Defendant. | |

Pro se Plaintiff Sandra Howell has filed a Complaint pursuant to 42 U.S.C. § 12101 (the Americans with Disabilities Act or "ADA") and the Arizona Civil Rights Act (Doc. 1); and an Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2). The Court will deny Plaintiff's Application and dismiss the Complaint with leave to amend.

**I.      Application to Proceed in District Court Without Prepaying Fees or Costs**

In her Application, Plaintiff indicates she has insufficient funds to pay the filing fee for this action. Upon review of Plaintiff's Application, Plaintiff's monthly income appears sufficient to pay the filing fee. *See* 28 U.S.C. §§ 1914, 1915(a)(1). Further, the Complaint as pleaded "is of dubious merit." *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987). Thus, the Court will deny Plaintiff's Application.

**II.     Statutory Screening of In Forma Pauperis Complaints**

Under 28 U.S.C. § 1915(e)(2), notwithstanding the payment of any filing fee, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**III.   Complaint**

In her Complaint, Plaintiff asserts claims[1] based on violations of her rights under

---

[1] Plaintiff initially alleges Defendant also violated the Arizona Civil Rights Act, but her claims refer only to the ADA. Plaintiff may choose to remedy this deficiency on amendment.

the Americans with Disabilities Act. Doc. 1 at 4. Plaintiff names her former employer, Transform SR LLC d/b/a Sears Holding, as Defendant. Plaintiff is seeking damages and all other relief deemed just under the circumstances. Doc. 1 at 5.

Plaintiff worked at Defendant's call center from approximately July to November 2022. Compl. ¶¶ 6, 17. Plaintiff alleges that, during her employment, Defendant discriminated and retaliated against Plaintiff by denying her requests for accommodation, placing her on probation, and terminating her employment. Compl. ¶¶ 7–28.

### A. Discrimination Under the ADA

To state a prima facie claim of discrimination under the ADA, a plaintiff must show that she: (1) is disabled within the meaning of the ADA, (2) is qualified (i.e., able to perform the essential functions of the job with or without reasonable accommodation); and (3) suffered an adverse employment action because of her disability. *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018).

Plaintiff's Complaint fails to allege she is disabled within the meaning of the ADA. Plaintiff mentions having asthma, taking frequent trips to the bathroom, and requiring blood pressure medication. Compl. ¶¶ 8, 13. But Plaintiff does not allege that these conditions are disabilities within the meaning of the ADA. All references Plaintiff makes to her "disabilities" in the Complaint are vague and conclusory. *See, e.g.*, Compl. ¶¶ 7, 18, 19, 24, 27.

Plaintiff's Complaint fails to allege she was able to perform the essential functions of the job with or without reasonable accommodation. Plaintiff states only that she asked for accommodations. Compl. ¶¶ 7, 10–11. Plaintiff does not allege that she was otherwise able to perform her job, that she would have been able to perform her job with the requested accommodations, or that the requested accommodations were reasonable.

Plaintiff's Complaint fails to allege she suffered an adverse employment action *because* of her disability. Plaintiff states she was denied reasonable accommodations, placed on probation, and terminated from her employment due to her disability. Compl. ¶¶ 18–19, 22–24, 27–28. But Plaintiff does not adequately plead that these adverse actions

happened *because* of her disability. On the contrary, Plaintiff states she left work early to pick up medication, she was taking frequent bathroom breaks, and she was out for two weeks due to being sick—all "more likely explanations" for the adverse employment actions than discrimination. *See Iqbal*, 556 U.S. at 681.

### B. Retaliation Under the ADA

To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the two. *Brown v. City of Tucson*, 336 F.3d 1181, 1186–87 (9th Cir. 2003).

Plaintiff alleges she was subject to "different terms and conditions of employment and a hostile intimidating work environment" because of her disabilities and because she requested reasonable accommodations. Compl. ¶ 19. Requesting reasonable accommodations and reporting discrimination are protected activities, however Plaintiff fails to specify what the different employment terms were or how the workplace was hostile. Plaintiff alleges she was denied reasonable accommodations, placed on probation, and ultimately terminated from her employment, Compl. ¶¶ 12, 18–19, 27–28. These are all adverse employment actions; however, Plaintiff's descriptions of these actions are vague and conclusory. Further, Plaintiff fails to show a causal link between any protected activity and adverse employment action. The Complaint fails to show that the adverse employment actions were *because* of Plaintiff's disability and not merely due to, for example, leaving work early, taking frequent breaks, and being absent for two weeks.

### IV. Failure to State a Claim – Leave to Amend

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Unless it is absolutely clear that no amendment can cure the defect, … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IT IS ORDERED denying** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED dismissing** the Complaint (Doc. 1) for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order. Plaintiff must pay the full filing fee when filing the amended complaint.

Dated this 11th day of June, 2024.

John C. Hinderaker
United States District Judge